David M. Goodrich (CA State Bar No. 208675)
  *dgoodrich@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

{Proposed} Attorneys for Wesley H. Avery,
Chapter 7 Trustee and Plaintiff

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>MARTIN PINON,<br><br>      Debtor.<br><br>WESLEY H. AVERY, solely in his capacity as Chapter 7 trustee,<br><br>      Plaintiff,<br><br>  vs.<br><br>CRYSTAL JAIMEZ PINON, an individual,<br><br>      Defendant. | Case No. 2:17-bk-11431-RK<br><br>Adv. No.<br><br>Chapter 7<br><br>**COMPLAINT FOR: (1) AVOIDANCE OF TRANSFER; (2) AUTHORIZATION TO SELL REAL PROPERTY IN WHICH CO-OWNER HOLDS INTEREST PURSUANT TO 11 U.S.C. § 363(h); (3) RECOVERY OF PROPERTY; (4) DECLARATORY RELIEF; and (5) DISALLOWANCE OF CLAIM**<br><br>Date: [To be set by summons]<br>Time: [To be set by summons]<br>Place: Courtroom 1675<br>  Roybal Federal Building<br>  255 East Temple Street<br>  Los Angeles, California  90012 |

For his *Complaint for (1) Avoidance of Transfer, (2) Authorization to Sell Real Property in Which Co-Owner Holds Interest Pursuant to 11 U.S.C. §363(h), (3) Recovery of Property, (4) Declaratory Relief, and (5) Disallowance of Claim* ("Complaint"), plaintiff Wesley H. Avery ("Plaintiff"), the duly appointed, qualified, and acting Chapter 7 trustee of the bankruptcy estate of Martin Pinon ("Debtor"), hereby alleges and avers as follows:

ALS\ 2579436.1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (K), (N), and (O). Plaintiff consents to the entry of final orders and/or judgment by this Court.

2. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a) because this proceeding is related to *In re Martin Pinon*, a case filed under Title 11 of the United States Code ("Bankruptcy Code") that is still pending.

## PARTIES AND ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

3. Plaintiff is the duly appointed, qualified, and acting Chapter 7 trustee of the bankruptcy estate ("Estate") created in the instant Chapter 7 bankruptcy case pending in the Los Angeles Division of the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court") styled *In re Martin Pinon*, Case No. 2:17-bk-11431-RK ("Bankruptcy Case"). To the extent Plaintiff asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes, and based thereon alleges, that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502, or that are not allowable only under 11 U.S.C. § 502(e), who could have avoided the respective transfer or transfers alleged in this Complaint under California or other applicable law before the Petition Date (defined below).

4. Plaintiff was appointed after the filing of the Bankruptcy Case. As a result, Plaintiff does not have personal knowledge of the facts alleged in this Complaint that occurred prior to his appointment and, therefore, alleges all such facts on information and belief. Plaintiff reserves his right to amend this Complaint to allege additional claims against the Defendant.

5. The Debtor is the debtor in the Bankruptcy Case, which was initiated by the Debtor's filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on February 6, 2017 ("Petition Date").

6. Plaintiff is informed and believes, and on that basis alleges, that defendant Crystal Jaimez Pinon ("Defendant") is an individual residing in the State of California and the former spouse of the Debtor.

ALS\ 2579436.1

2

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

7. Plaintiff is informed and believes, and based thereon alleges, that on or about September 8, 2003, the Debtor and the Defendant, then married, acquired title to real property commonly known as 10766 Leland Avenue, Whittier, California 90605 ("Property") as joint tenants pursuant to a "Grant Deed" that was recorded in the Official Records of the Los Angeles County Recorder ("County Recorder") as document number 03 2600564.

8. Plaintiff is informed and believes, and based thereon alleges the Defendant filed a petition for dissolution of the marriage of the Debtor and Defendant in 2009.

9. Plaintiff is informed and believes and based thereon alleges that the Debtor and Defendant entered into a Stipulated Judgment/Marital Settlement Agreement ("MSA") which provided, *inter alia*, for the transfer of the Debtor's interest in the Property to the Defendant.

10. Plaintiff is informed and believes, and based thereon alleges, the Debtor neither executed nor recorded any deed transferring the Debtor's interest in the Property to the Defendant notwithstanding the terms of the MSA.

11. Plaintiff is informed and believes, and based thereon alleges, that at no time prior to the commencement of the Bankruptcy Case was any deed or judgment recorded providing constructive notice of the Defendant's rights pursuant to the MSA.

12. Plaintiff is informed and believes, and based thereon alleges, the Debtor and Defendant remain on title as co-owners of the Property notwithstanding the transfer made under the MSA.

## FIRST CLAIM FOR RELIEF

### (For Avoidance Of Transfer Under 11 U.S.C. § 544(a)(3))

13. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 12 as though set forth in full herein.

14. Plaintiff is informed and believes, and based thereon alleges the Defendant received the Debtor's interest in the Property from the Debtor as a result of the MSA.

15. Plaintiff is informed and believes, and based thereon alleges that the interest in the Property received by the Defendant under the MSA was never recorded with the County Recorder.

ALS\ 2579436.1    3

16. 11 USC § 544(a) grants the Plaintiff the status of a hypothetical judicial lien creditor, holder of an unsatisfied execution, and bona fide purchaser as of the Petition Date, which enables the Plaintiff to avoid any transfer of property of the Debtor that would be voidable by these hypothetical parties under state law.

17. Whether the Plaintiff qualifies as a bona fide purchaser under § 544(a) is a question of state law. *In re Weisman*, 5 F.3d 417, 420 (9th Cir. 1993).

18. California is a race-notice jurisdiction and California law requires a conveyance of real property be recorded in order to be valid against a subsequent purchaser of the same property. *Weisman* at 420, citing Civil Code §1214.

19. The Plaintiff's powers as a hypothetical bona fide purchaser are broad and have been applied to defeat secret or unrecorded claims in many different contexts. *In re Tleel*, 876 F.2d 769 (9th Cir. 1989); *In re Seaway Express Corp.*, 105 B.R. 28 (9th Cir. BAP 1989); In re Markair, 172 B.R. 638 (9th Cir. BAP 1994); *In re Thomas*, 147 B.R. 526 (9th Cir. BAP 1992).

20. Plaintiff is informed and believes, and based thereon alleges that pursuant to §544(a)(3), the transfer by the Debtor of his interest made to the Defendant under the MSA is avoidable by the Plaintiff in his status as a hypothetical bona fide purchaser without notice of the transfer because the transfer was not recorded with the County Recorder.

## **SECOND CLAIM FOR RELIEF**

### **(For Authorization to Sell the Estate's Interest and the Interest of Defendant in the Property Pursuant to 11 U.S.C. §363(h))**

21. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 20 as though set forth in full herein.

22. Plaintiff is informed and believes, and based thereon alleges that partition in kind of the Property among the Estate and the Defendant is impracticable.

23. Plaintiff is informed and believes, and based thereon alleges that the sale of the Estate's undivided interest in the Property would realize significantly less for the Estate than the sale of the Property free of the interests of the Defendant.

ALS\ 2579436.1                                                 4

24. Plaintiff is informed and believes, and based thereon alleges that the benefit to the Estate of a sale of the Property free of the interests of the Defendant outweighs the detriment, if any, to the Defendant.

25. Plaintiff is informed and believes, and based thereon alleges that the Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

26. For the aforementioned reasons, Plaintiff may sell both the Estate's interest, under 11 U.S.C. § 363(b), and the interests of the Defendant in the Property pursuant to 11 U.S.C. § 363(h).

## THIRD CLAIM FOR RELIEF

### (For Recovery of Avoided Transfers Under 11 U.S.C. § 550)

27. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 26 as though set forth in full herein.

28. Plaintiff is informed and believes, and based thereon alleges that the transfer of the Debtor's interest in the Property to the Defendant is avoidable.

29. Plaintiff is informed and believes, and based thereon alleges that the Defendant is a transferee within the meaning of 11 U.S.C. §550(a).

30. Plaintiff is entitled to judgment for the recovery of the Debtor's interest in the Property transferred under the MSA, or the value thereof, including any increase of the value of the Property since the time of the transfer, together with interest at the applicable rate from the date the Property was transferred under the MSA, for the benefit of the Estate.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Relief)

31. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 30 as though set forth in full herein.

32. Plaintiff is informed and believes, and based thereon alleges that an actual and present dispute exists as to the Estate's rights in and to the Property as compared to the rights of one or more competing parties include those of the Defendant pursuant to the MSA.

33. Plaintiff is informed and believes, and based thereon alleges that from the date of the MSA through and including the Petition Date, no deed or other document conveying the Debtor's interest in the Property to the Defendant was recorded with the County Recorder.

34. Plaintiff is informed and believes, and based thereon alleges that as of the Petition Date, a bona fide purchase would not have had any notice of the Defendant's claim to the Debtor's interest in the Property.

35. The Plaintiff is entitled to declaratory relief and entry of judgment adjudicating the Debtor's interest in the Property to be an asset of the Estate pursuant to 11 U.S.C. §541(a).

## FIFTH CLAIM FOR RELIEF

### (For Disallowance of Claim Under 11 U.S.C. § 502(d))

36. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 35 as though set forth in full herein.

37. To the extent the Defendant has filed or files a proof of claim in the Bankruptcy Case, or otherwise asserts any claim against the Estate, such claim should be disallowed under 11 U.S.C. §502(d).

**WHEREFORE**, Plaintiff respectfully prays for judgment against the Defendant as follows:

### ON THE FIRST CLAIM FOR RELIEF

1. For judgment that the Debtor's interest in the Property transferred to the Debtor under the MSA is avoided and/or providing any other remedy available under applicable law;

### ON THE SECOND CLAIM FOR RELIEF

2. For judgment that Plaintiff may sell both the Estate's interest, pursuant to 11 U.S.C. § 363(b), and the Defendant's interests, pursuant to 11 U.S.C. § 363(h), in the Property;

### ON THE THIRD CLAIM FOR RELIEF

3. For judgment for the recovery of the Debtor's interest in the Property transferred to the Defendant under the MSA;

/ / /

/ / /

**ON THE FOURTH CLAIM FOR RELIEF**

4. Should judgment avoiding the transfer of the Debtor's interest in the Property to the Defendant not be had, then for judgment declaring the Debtor's interest in the Property as property of the Estate under 11 U.S.C. §541(a);

**ON THE FIFTH CLAIM FOR RELIEF**

5. For judgment that any claim filed by the Defendant is disallowed;

**ON ALL CLAIMS FOR RELIEF**

6. For costs of suit incurred herein, including, without limitation, attorney's fees; and

7. For such other and further relief as is proper.

DATED: May 8, 2017

**Sulmeyer**Kupetz
A Professional Corporation

By: */s/ David M. Goodrich*
David M. Goodrich
[proposed] Attorneys for Plaintiff
Wesley H. Avery, Chapter 7 Trustee

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>WESLEY H. AVERY, Chapter 7 Trustee | **DEFENDANTS**<br>CRYSTAL JAIMEZ PINON, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>David M. Goodrich (CA State Bar No. 208675)<br>  dgoodrich@sulmeyerlaw.com<br>**Sulmeyer**Kupetz, A Professional Corporation<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA  90071<br>Telephone: 213.626.2311; Facsimile: 213.629.4520 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**COMPLAINT FOR: (1) AVOIDANCE OF TRANSFER; (2) AUTHORIZATION TO SELL REAL PROPERTY IN WHICH CO-OWNER HOLDS INTEREST PURSUANT TO 11 U.S.C. § 363(h); (3) RECOVERY OF PROPERTY; (4) DECLARATORY RELIEF; and (5) DISALLOWANCE OF CLAIM**

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 70 01( 1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☐ 13-Recovery of money/property - §548 fraudulent transfer<br>☒ 14-Recovery of money/property - other | **FRBP 70 01(6) – Dischargeability (continued)**<br>☐ 61 -Dischargeability- §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 6 5 -Dischargeability - other |
| **FRBP 70 01 (2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property | **FRBP 70 01(7) – Injunctive Relief**<br>☐ 71 -Injunctive relief- imposition of stay<br>☐ 72-Injunctive relief - other |
| **FRBP 7001( 3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | **FRBP 70 01(8) Subordination of Claim or Interest**<br>☐ 81 -Subordination of claim or interest |
| **FRBP 7001(4 ) – Objection/ Revocation of Discharge**<br>☐ 41-Objection/re vocation of discharge - §727(c),(d),(e) | **FRBP 70 01(9) Declaratory Judgment**<br>☒ 91 -Declaratory judgment |
| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation | **FRBP 70 01(10) Deter mi nation of Remove d Act ion**<br>☐ 01 -Determination of removed claim or cause |
| **FRBP 7001(6) – Dischargeability**<br>☐ 6 6 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **Other**<br>☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.<br>☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | ☒ Demand $ 607,551.84 |

Other Relief Sought
Avoidance of transfer; declaratory relief; costs of suit including, without limitation, attorneys' fees

ALS\ 2579527.1


American LegalNet, Inc.
www.FormsWorkFlow.com

B1040 (FORM 1040) (12/15)

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>MARTIN PINON | BANKRUPTCY CASE NO.<br>2:17-bk-11431-RK | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles Division | | NAME OF JUDGE<br>Robert N. Kwan |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ David M. Goodrich* | | | |
| DATE<br>May 8, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>David M. Goodrich<br>**Sulmeyer**Kupetz, A Professional Corporation | | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

ALS\ 2579527.1

